UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

|  |  |  |
|---|---|---|
|  | X |  |
| THE NEW YORK TIMES COMPANY | : |  |
| and NICHOLAS CONFESSORE, | : |  |
|  | : |  |
| Plaintiffs, | : |  |
|  | : | **COMPLAINT** |
| - against - | : |  |
|  | : |  |
| UNITED STATES SECRET SERVICE, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |
|  | X |  |

_____

Plaintiffs THE NEW YORK TIMES COMPANY and NICHOLAS CONFESSORE, by their

undersigned attorney, allege for their Complaint:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, to obtain an order for the production of agency records from Defendant United

States Secret Service ("the Secret Service") in response to a FOIA request properly made by

Plaintiffs.

## PARTIES

2.      Plaintiff The New York Times Company publishes *The New York Times*

newspaper and www.nytimes.com.  The New York Times Company is headquartered in this

judicial district at 620 Eighth Avenue, in Manhattan.

3.      Plaintiff Nicholas Confessore is a reporter for *The New York Times* and an

employee of The New York Times Company.

4.      Defendant Secret Service, a component of the Department of Homeland Security, is an agency of the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      Venue is premised on the place of business of Plaintiffs and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.      Plaintiffs have exhausted all administrative remedies available. The Secret Service has failed to respond to Plaintiffs' September 14, 2017 administrative appeal within 20 business days, as required under FOIA. See 5 U.S.C. § 552(a)(6)(A)(ii). Plaintiffs are therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTS

8.      On January 19, 2017, Plaintiffs submitted a FOIA request (File Number 20170710) to the Secret Service, seeking "visitor logs maintained by the United States Secret Service for the Presidential Transition Team offices at 1717 Pennsylvania Avenue NW in Washington, DC" (the "Transition Visitor Logs") between October 1, 2016 and January 19, 2017.

9.      On February 9, 2017, the Secret Service sent an email to Plaintiffs acknowledging Plaintiffs' request and stating that the agency had begun a search for responsive records.

10.     Plaintiffs called the Secret Service repeatedly over the next few months, and were told by individuals working in the Secret Service FOIA Office that responsive records had been found and the agency was in its final stages of reviewing Plaintiffs' FOIA request.

11.     On July 25, 2017, the Secret Service told Plaintiffs that the agency had issued a Presidential Records Act response on May 1, 2017. Plaintiffs were unable to locate any record demonstrating that they had received this response.

12.     On July 31, 2017, Plaintiffs appealed the Secret Service's denial as described to them over the phone by Secret Service representatives.

13.     On September 1, 2017, the Secret Service provided Plaintiffs with a written response to their FOIA request, writing that the requested records "are not Secret Service agency records subject to the FOIA," but instead "governed by the Presidential Records Act, 44 U.S.C. 2201 et seq., and remain under the exclusive legal custody and control of the White House."

14.     On September 14, 2017, Plaintiffs lodged an administrative appeal in response to the September 1, 2017 letter from the Secret Service. Plaintiffs challenged the Secret Service's assertion that the Transition Visitor Logs are covered by the Presidential Records Act, 44 U.S.C. §§ 2201 *et seq*.

15.     The Secret Service has failed to respond to Plaintiffs' administrative appeal within 20 business days, as required under FOIA. See 5 U.S.C. § 552(a)(6)(A)(ii).

## **COUNT**

16.     Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

17.     Defendant Secret Service is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession at the time of the request and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

18.     The Secret Service failed to act on Plaintiffs' appeal of its response to Plaintiffs' FOIA request within the 20 business days required by FOIA. See 5 U.S.C. § 552(a)(6)(A)(ii). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

19.     The Secret Service has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

20.     Accordingly, Plaintiffs are entitled to an order compelling the Secret Service to produce records responsive to their FOIA request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

21.     Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

22.     Order the Secret Service to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

23.     Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

24.     Grant Plaintiffs such other and further relief as this Court deems just and proper.

4

Dated:  New York, NY
        October 17, 2017

                                        _____/s/_____
                                        David E. McCraw, Esq.
                                        Legal Department
                                        The New York Times Company
                                        620 8th Avenue, 18th Floor
                                        New York, NY 10018
                                        phone: (212) 556-4031
                                        fax: (212) 556-1009
                                        e-mail: mccrad@nytimes.com
                                        *Counsel for Plaintiffs*